IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 26, 2024 Session

## JEFFREY L. ROBERTS v. BARRY LYNN CARTER ET AL.

**Appeal from the Circuit Court for Benton County**
**No. 20-CV-2 Bruce Irwin Griffey, Judge**
_____

### No. W2023-01316-COA-R3-CV
_____

This is an appeal concerning the application of the Tennessee Governmental Tort Liability Act, specifically to Tennessee Code Annotated sections 29-20-203, 29-20-204, and 29-20-205 of the Act. At issue is the trial court's entry of summary judgment dismissing the plaintiff's claims against a county government for damages sustained from an automobile accident allegedly caused by the washout of a road maintained by the county. For the reasons stated herein, we affirm the trial court's summary judgment dismissing the plaintiff's action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Charles L. Hicks, Camden, Tennessee, for the appellant, Jeffrey L. Roberts.

Nathan D. Tilly and Haynes T. Russell, Jackson, Tennessee, for the appellees, Barry Lynn Carter; Benton County, Tennessee; and Benton County Highway Department.

## MEMORANDUM OPINION[1]

### BACKGROUND AND PROCEDURAL HISTORY

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This case arises from a one vehicle accident, which occurred on February 6, 2019, while the appellant Jeffrey Roberts was driving on Blackberry Road in Benton County, Tennessee. Over twelve years prior to this accident, Barry Lynn Carter, an employee of the Benton County Highway Department, noted the presence of erosion on the outlet end of a culvert on Blackberry Road, and riprap, which is used to control erosion, was thereafter added.

On the day of the incident, Benton County had sustained heavy rain, though it had stopped raining when, at approximately 9 p.m., Mr. Roberts began driving to a local Walmart. However, by the time he had reached Blackberry Road, the rain began again and significantly hampered Mr. Roberts' visibility. Unable to perceive the road damage due to the rain, he encountered the washout on the inlet end of Blackberry Road and ultimately fell through a sinkhole, suffering physical injuries as a result.

On January 31, 2020, Mr. Roberts filed a complaint against Mr. Carter, individually and in his capacity as Road Superintendent for the Benton County Highway Department; the Benton County Highway Department; and Benton County, Tennessee. Subsequently, the trial court entered an order dismissing Mr. Roberts' claims against Mr. Carter, both personally as well as in his capacity as Road Superintendent, and the Benton County Highway Department, leaving Benton County, Tennessee ("Benton County"), as the sole defendant. In pertinent part, Mr. Roberts alleged that Benton County was negligent in maintaining Blackberry Road in a defective condition and failing to properly resolve the defect. Mr. Roberts cited to the Tennessee Governmental Tort Liability Act ("GTLA") as a basis for pursuing relief in this action, specifically invoking Tennessee Code Annotated sections 29-20-203, 29-20-204, and 29-20-205 in furtherance of his attempt at recovering. For ease of reference, we will hereafter simply refer to these provisions as section 29-20-203, section 29-20-204, and section 29-20-205, respectively.

Benton County filed an initial motion for summary judgment, arguing that Benton County's immunity was not removed under any of the sections of the statute cited by Mr. Roberts. As to section 29-20-203 and section 29-20-204, Benton County highlighted that both statutes require Mr. Roberts to prove Benton County had actual or constructive notice of the relevant defect in Blackberry Road. To that end, Benton County argued that Mr. Roberts had no evidence to support that Benton County had actual or constructive notice. As to section 29-20-205, which removes immunity for injury caused by a negligent act or omission of a governmental employee within the scope of his employment, Benton County noted that the section does not remove immunity for acts of governmental employees that fall under the discretionary function exception. Lastly, Benton County submitted that all of Mr. Roberts' claims were barred by the public duty doctrine, arguing that the duty to maintain Blackberry Road is a duty to all. Mr. Roberts filed a response and memorandum in opposition to Benton County's motion for summary judgment, and in his response, he contended that there was evidence supporting the proposition that Benton County had notice of the defect in Blackberry Road. Mr. Roberts further argued that the public duty

doctrine did not bar recovery in this case.

Initially, the trial court reserved judgment "[i]n the interest of allowing each side the full opportunity to present its case[.]" It also invited both parties to submit additional briefing on the issue of comparative fault. Whereas Benton County submitted additional briefing arguing that Mr. Roberts was at least equal in fault for the accident as Benton County, Mr. Roberts filed briefing arguing that he did not share in any degree of fault for the accident.

Subsequently, due to scheduling conflicts with his expert witness, Mr. Roberts moved for a continuance, which was granted by the trial court. Benton County then requested a status conference to discuss the procedural status of the case and associated issues. During the status conference, Benton County argued that "in light of the trial's continuance and the differing standards between summary judgment and trial, [the trial court] should not reserve ruling on summary judgment." The trial court agreed to permit additional oral argument regarding Benton County's motion for summary judgment.

Following oral argument, the trial court granted Benton County's motion for summary judgment on several grounds. Initially, the trial court indicated that Mr. Roberts would need to demonstrate that Benton County had actual or constructive notice of the defect that caused the washout on Blackberry Road to succeed in his claims under section 29-20-203 and section 29-20-204. As to actual notice, the trial court determined there was no evidence to support the position that Benton County had actual notice of a dangerous or defective condition affecting the inlet end of the culvert in Blackberry Road.

In assessing constructive notice, the trial court concluded that the record did not support that Benton County had constructive notice of the alleged defect or dangerous condition at issue. In its discussion, the trial court emphasized that there had not been a previous washout of Blackberry Road, while also noting that there was no evidence to support that Benton County caused or created the defect in Blackberry Road that caused the washout. Moreover, the court determined that the presence of potholes, history of water overtopping the road, and the previously noted presence of erosion on the outlet end, were not sufficient to put Benton County on notice of a defect in Blackberry Road that would have caused the washout that injured Mr. Roberts.

In addressing the viability of Mr. Roberts' claim under section 29-20-205, the trial court found that Mr. Roberts' claim would be barred under the discretionary function exception, as delineated in section 29-20-205(1). Although the trial court thus disposed of Mr. Roberts' claims in connection with its conclusions concerning notice and the discretionary function exception, it additionally determined that the public duty doctrine barred all the claims at issue. Finally, the trial court found that Mr. Roberts could not recover because "reasonable minds could not differ that Plaintiff was equal or more at fault."

Mr. Roberts now appeals the trial court's judgment, raising multiple issues as noted below.

**ISSUES PRESENTED**

In his appellate brief, Mr. Roberts presents several issues for this Court's review. As is relevant to this appeal and our disposition herein, we have recast the issues as follows:

I.      Whether the trial court erred in its analysis concerning section 29-20-205.

II.     Whether the trial court erred in finding and ruling that Benton County was entitled to summary judgment on Mr. Roberts' claims arising under sections 29-20-203 and 29-20-204 because it determined there was no genuine dispute of material fact concerning the lack of actual or constructive notice.

III.    Whether the trial court erred in finding that the public duty doctrine applied as a second layer of defense and barred Mr. Roberts' GTLA claims.

IV.     Whether the trial court erred in finding that Benton County was entitled to summary judgment under the doctrine of modified comparative fault.

As discussed below, despite the fact that Mr. Roberts has raised issues implicating section 29-20-203, section 29-20-204, and section 29-20-205, it appears from his argument section that he is only pursuing a claim under section 29-20-203.

**STANDARD OF REVIEW**

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (quoting Tenn. R. Civ. P. 56.04). "We note that, in reviewing this evidence, the trial court 'does not weigh the evidence, but must accept the nonmoving party's evidence as true, and view both the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the nonmoving party.'" *Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 751-52 (Tenn. 2015) (quoting *Shipley v. Williams*, 350 S.W.3d 527, 551 (Tenn. 2011)). "We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Id.* (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). "If the determination requires conclusions of law without any conclusions of fact, the matter is ripe for disposition by summary judgment." *Blue Bell Creameries, LP v. Roberts*, 333 S.W.3d 59, 64 (Tenn. 2011) (citing *Green v. Green*, 293 S.W.3d 493, 513 (Tenn. 2009)).

**DISCUSSION**

Although the common law doctrine of sovereign immunity protects governmental entities "from liability for damages caused by their tortious act[,]" the GTLA removes sovereign immunity "in limited and specified instances." *Kirby v. Macon Cnty.*, 892 S.W.2d 403, 406 (Tenn. 1994). Among those instances, we note that Mr. Roberts' claims, within the trial court, relied upon three separate sections of the GTLA: section 29-20-203, section 29-20-204, and section 29-20-205.

Section 29-20-203 provides in pertinent part as follows:

(a) Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. "Street" or "highway" includes traffic control devices thereon.
(b) This section shall not apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved . . . .

Tenn. Code Ann. § 29-20-203.

In turn, section 29-20-204 provides in pertinent part that

(a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
(b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved . . . .

Tenn. Code Ann. § 29-20-204.

Lastly, section 29-20-205 provides in pertinent part that

[i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
(1) The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused; . . . .

Tenn. Code Ann. § 29-20-205.

"We point out here that the application of one of these immunity exceptions does not necessarily preclude the application of another. In other words, it is conceivable that

either provision might apply to remove governmental immunity. Likewise, it is possible that no exception will apply, thereby preserving governmental immunity." *Kirby*, 892 S.W.2d at 406 (discussing the separability of section 29-20-203 and section 29-20-205). Because each section presents a separate exception to immunity, all should therefore be considered separately. *See Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997) (discussing the inapplicability of another exception delineated under section 29-20-205 to section 29-20-204); *see also Helton v. Knox Cnty.*, 922 S.W.2d 877, 885 (Tenn. 1996) (discussing the separability of section 29-20-203 and section 29-20-205).

### Discretionary Function Exception

We begin our substantive discussion by briefly turning to section 29-20-205. As noted above, section 29-20-205 provides that "[i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment . . . ." Tenn. Code Ann. § 29-20-205. Unlike the other provisions at issue herein, section 29-20-205, which codifies what is commonly known as the discretionary function exception, explicitly provides that actions or omissions of governmental employees will still remain immune from a lawsuit arising under section 29-20-205 if the claim "[a]rises out of the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused[.]" Tenn. Code Ann. § 29-20-205(1).

Although Mr. Roberts raises an issue questioning whether the trial court correctly ruled that his "claims are barred by the discretionary function exception[,]" he does not ultimately challenge the validity of the trial court's determination that Benton County maintained immunity under section 29-20-205. Instead, his briefing actually indicates that he is not pursuing a claim under section 29-20-205 and states that "discretionary function is a non issue and discretionary function does not apply" to his action. We agree with Mr. Roberts' assertion insofar as the discretionary function exception would not apply to the remaining Code sections outlined above. *See Hawks*, 960 S.W.2d at 16 (Tenn. 1997) (concluding that the application of another exception listed in section 29-20-205 does not apply to a claim brought under section 29-20-204); *see also Helton*, 922 S.W.2d at 885 (discussing the separability of section 29-20-203 and section 29-20-205). However, we observe that the trial court did not apply the discretionary function exception to Mr. Roberts' claims arising under section 29-20-203 or section 29-20-204. Because Mr. Roberts' appellate argument does not further challenge the trial court's determination as to his claim under section 29-20-205 and even appears to abandon any claim made pursuant to section 29-20-205, we conclude there is nothing further presented for review as to the trial court's determination under this section.[2]

---

[2] Mr. Roberts also raises an issue as to "[w]hether the trial court erred in finding and holding Plaintiff's section § 29-20-205 claim was barred on the grounds of Plaintiff failing to raise a genuine issue of material fact with respect to actual or constructive notice." Similar to his argument concerning the

- 6 -

*Notice*

We next address Mr. Roberts' raised issue concerning actual or constructive notice pertaining to claims under section 29-20-203 and section 29-20-204. Although this raised issue speaks in terms of both section 29-20-203 and section 29-20-204, we observe that Mr. Roberts' argument section ultimately only appears to pursue a claim under the framework of section 29-20-203. For instance, as alluded to earlier, when discussing the trial court's engagement with section 29-20-205, his briefing makes clear that his action is actually being brought pursuant to section 29-20-203. Further, we note that when Mr. Roberts concludes his argument section concerning the present issue—his issue nominally concerning the subject of notice relative to claims under section 29-20-203 and section 29-20-204—his conclusion concerning notice is made in reference to section 29-20-203, not section 29-20-204.

For the purposes of a claim under section 29-20-203, the governmental defendant must have either actual or constructive notice of the alleged defect. The Tennessee Supreme Court has previously described both forms of notice, stating as follows:

> "Actual notice" has been defined by our Court as "knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts." *Texas Co. v. Aycock*, 190 Tenn. 16, 227 S.W.2d 41, 46 (Tenn.1950) (quoting 39 *American Jurisprudence*, Section 4, page 234). "Constructive notice" is "information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Black's Law Dictionary*, 1062 (6th ed. 1990).

*Kirby*, 892 S.W.2d at 409.

As to actual notice, we observe that the trial court found there was "no record of any complaints about the culvert or the relevant section of Blackberry Road" and "based on the record before the Court, no Benton County employee had notice of the washout or any issue with the relevant portion of Blackberry Road or the culvert at issue." Although it acknowledged that Mr. Roberts claimed that he had reported issues with Blackberry Road "at least twice[,]" the trial court found "that there is no testimony about any specific complaints about the portion of Blackberry Road over the culvert or the culvert itself." We agree with the trial court in that the cited testimony concerning these alleged reports does

---

discretionary function exception, Mr. Roberts' briefing in this section indicates, again, that he is not actually pursuing a claim under section 29-20-205. As such, we conclude there is nothing further presented for review as to the trial court's determination concerning section 29-20-205.

not support the conclusion that the reports put Benton County on notice of the alleged relevant defect in Blackberry Road or its culvert; indeed, the testimony cited by Mr. Roberts in his argument section simply does not signal that Mr. Roberts made any complaint about the alleged defect at issue so as to establish notice of the same.[3] Moreover, and irrespective of this, this cited testimony does not indicate when these reports were made.

Moreover, Mr. Roberts admitted that Benton County "did not have actual notice of the washout until after" his accident occurred. In light of the foregoing, we conclude that the trial court did not err in determining that Mr. Roberts cannot show actual notice.

In the absence of actual notice, a claim under section 29-20-203 remains viable if the governmental entity had constructive notice of the relevant defect. Tenn. Code Ann. § 29-20-203(b). The existence of constructive notice is a question of fact. *Mitchell v. City of Franklin*, No. M2021-00877-COA-R3-CV, 2022 WL 4841912, at *7 (Tenn. Ct. App. Oct. 4, 2022). We have previously discussed the three ways a plaintiff can establish constructive notice:

> First, a plaintiff may demonstrate that the owner or operator of the premises caused or created the condition. *See Sanders v. State*, 783 S.W.2d 948, 951 (Tenn. Ct. App. 1989). Second, ... a plaintiff may prove constructive notice by evidence that the condition "existed for a length of time" that the owner/occupier "in the exercise of reasonable care, should have become aware of that condition." *Elkins v. Hawkins County*, No. E2004-02184-COA-R3-CV, 2005 WL 1183150, at *4 (Tenn. Ct. App. May 19, 2005). [Third,] ... a plaintiff may show constructive notice ... by proving that "a pattern of conduct, recurring incident, or general continuing condition" caused the dangerous condition. *Blair v. West Town Mall*, 130 S.W.3d 761, 765-66 (Tenn. 2004).

*Id.* at *6. These three methods are commonly referred to as the caused or created theory, the passage of time theory, and the common occurrence theory. *Id*. at *7.

Under the common occurrence theory, Mr. Roberts "must show that the dangerous condition occurred in 'the same approximate location and in such a frequent manner, that the happening of the condition was foreseeable by the defendants.'" *Merrell v. City of Memphis*, No. W2013-00948-COA-R3-CV, 2014 WL 173411, at *7 (Tenn. Ct. App. Jan. 16, 2014), perm. app. denied (Tenn. July 14, 2014) (quoting *Nolley v. Eichel*, No. M2006-00879-COA-R3-CV, 2007 WL 980603, at *4 (Tenn. Ct. App. Apr. 2, 2007)). Here, the

---

[3] We note that, just two lines below one of the deposition excerpts cited to, it was related that one of the alleged complaints was connected to another location, with Mr. Roberts stating, "Once it was Rockport, I think[.]"

record does not support a previous history of washouts in the relevant section of Blackberry Road, or the associated culvert. Accordingly, we conclude that Mr. Roberts cannot demonstrate constructive notice under the common occurrence theory.

As to the caused or created theory, the governmental entity is imputed notice if they created or caused the relevant defect. *Benn v. Pub. Bldg. Auth. of Knox Cnty.*, No. E2009-01083-COA-R3-CV, 2010 WL 2593932, at *3-4 (Tenn. Ct. App. June 28, 2010). Here, the record does not indicate when the road was built or when the culvert was installed. Without such information, we conclude that the record cannot support the claim that Benton County originally constructed the culvert in a defective condition or caused a defect in the culvert. *Benn*, 2010 WL 2593932, at *3-4; *Kirby*, 892 S.W.2d at 409.

Lastly, under the passage of time theory, Mr. Roberts "must generally present some proof of how long the dangerous condition existed prior to the accident in question." *Traylor ex rel. Traylor v. Shelby Cnty. Bd. of Educ.*, No. W2013-00836-COA-R3-CV, 2014 WL 7921131, at *10 (Tenn. Ct. App. Feb. 27, 2014). In the trial court, Mr. Roberts alleged a number of facts which he claimed should have put Benton County on constructive notice of the defect in Blackberry Road, including the presence of potholes on Blackberry Road; lack of a headwall, apron, or grate on the culvert; erosion noted on the outlet end of the culvert; and water occasionally overtopping the road. On appeal, as we understand his argument, Mr. Roberts focuses primarily on the erosion previously noted by Mr. Carter.

However, we observe that Mr. Carter's testimony indicates he noticed the erosion on the culvert in Blackberry Road over twelve years ago on the outlet end. Moreover, Mr. Roberts has not established that any noticeable erosion was ever noted on the inlet end of the culvert, or when any erosion on the inlet end came into existence. Again, whereas Mr. Roberts must, under the passage of time theory, "generally present some proof of how long the dangerous condition existed prior to the accident in question," *Traylor ex rel. Traylor v. Shelby Cnty. Bd. of Educ.*, No. W2013-00836-COA-R3-CV, 2014 WL 792131, at *10 (Tenn. Ct. App. Feb. 27, 2014), he did not do so at the summary judgment stage here. He attempted to establish notice of the alleged defect at issue by pointing to erosion that occurred, on another end of the culvert, over a decade ago. Contrary to the apparent suggestion made by Mr. Roberts, Mr. Carter's testimony concerning the erosion on the outlet side does not establish that the relevant "dangerous condition existed prior to the accident in question." *Id*.

Although it does not appear that all the other facts relied upon by Mr. Roberts in the trial court are specifically relied upon in his developed argument section on appeal, we, like the trial court, conclude that they are insufficient to survive summary judgment here. The absence of a headwall, apron, or grate on the culvert is relevant to a claim arising under section 29-20-205, rather than notice issues concerning section 29-20-203, *see Fowler v. City of Memphis*, 514 S.W.3d 732, 742 (Tenn. Ct. App. 2016) (citing *Helton*, 922 S.W.2d at 887) ("Tennessee courts have previously characterized claims involving decisions or

designs that allegedly resulted in dangerous conditions as falling within the ambit of Tennessee Code Annotated Section 29–20–205."), and the remaining facts do not relate specifically to the condition of the culvert on Blackberry Road. Under these circumstances, Mr. Roberts has not shown how long the relevant portion of the culvert on Blackberry Road was in a defective condition, as is required to prove constructive notice pursuant to the passage of time theory.

Because Mr. Roberts has not established a genuine dispute of material fact within the record to demonstrate notice of the relevant alleged defect, we conclude that the trial court did not err in dismissing his claim under section 29-20-203.[4]

## CONCLUSION

For the foregoing reasons, the trial court's grant of summary judgment is affirmed.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[4] Because we have determined that the trial court correctly dismissed Mr. Roberts' claim under section 29-20-203, raised issues connected to whether the public duty doctrine bars Mr. Roberts' action are pretermitted. Further, although we question the propriety of the trial court's decision to sua sponte request briefing on the issue of comparative fault and grant of summary judgment based upon that ground, we conclude that the issue of comparative fault is likewise pretermitted.